UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


SHAWN ROBINSON                    :
                                  :              PRISONER
     v.                           :       Case No. 3:12cv1323(JBA)
                                  :
LEO ARNONE, et al.                :


RULING ON PENDING MOTIONS AND ORDER TO SHOW CAUSE

     Petitioner Shawn Robinson, an inmate confined in a

correctional facility in Rhode Island, brings this action pro se

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000).

He challenges his Connecticut conviction for rioting in a

correctional facility.

     On March 8, 2013, the court ordered the petitioner to show

cause why the petition is not time barred.  The petitioner filed

his response on July 22, 2013.  As discussed below, the court now

concludes that the case should proceed and the respondent should

be required to respond to the petition.  In addition, the

plaintiff's motions seeking equitable relief are denied.

I.   Timeliness of Petition

     Federal habeas corpus statutes impose a one year statute of

limitations on federal petitions for a writ of habeas corpus

challenging a judgment of conviction imposed by a state court.

See 28 U.S.C. § 2244(d)(1) (2000).  The limitations period begins

on the completion of the direct appeal or the conclusion of the

time within which an appeal could have been filed and may be

tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Where the conviction became final before April 24, 1996, the enactment date of the statute imposing the limitations period, the petitioner is afforded one year from the enactment date to file his federal petition. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte. Day v. McDonough, 547 U.S. 198, 209-10 (2006).

The petitioner stated in his petition that the Connecticut Supreme Court affirmed his conviction in 1993. See State v. Robinson, 227 Conn. 711, 631 A.2d 288 (1993). As this was before the enactment date, the limitations period commenced on April 24, 1996, the enactment date of the statute and expired one year later, on April 24, 1997.

The petitioner also stated that he filed his first state habeas action, No. TSR-CV-04-40004561-S, in 2004. State court records indicate that the petition was filed on May 24, 2004, over eight years after the limitations period expired. See http://civilinquiry.jud.ct.gov (last visited Mar. 1, 2013). Thus, the court concluded that the state petition could not toll the limitations period because the period had expired before the state petition was filed. A second state habeas petition filed

in 2010, No. TSR-CV10-4002436-S also could not toll the limitations period. Thus, the court concluded that the petition was time-barred and directed the petitioner to explain why the limitations period should be equitable tolled.

In his response, the petitioner indicated that he filed a petition for sentence review that was decided in 1999. He does not indicate when he filed that petition and, as the decision is not reported, the court cannot locate that information. In addition, he references a state habeas petition filed in 1998. The state court docket does not list a 1998 case. However, in the ruling denying the 2004 petition, the state court indicates that the case actually was commenced by a petition bearing the docket number CV 98-0002644 which was filed in September 1997. The court notes that the case was withdrawn without prejudice on February 25, 2004. The court also indicated that a new action regarding the same claim was filed via an amended complaint on February 2, 2008. See Robinson v. Warden, No. TSR-CV04-0004561, 2009 WL 1333799 (Conn. Super. Ct. Apr. 21, 2009). The state docket does not show any habeas action filed in 2008. In light of this confusion regarding the petitioner's collateral challenges to his conviction, the court will direct the respondent to address the petition.

II. Motions for Injunctive Relief

In his motion for equitable relief, the petitioner states

that correctional staff have confiscated legal materials and asks the court to order those materials returned to him.  In his second motion, the petitioner again states that correctional staff has tampered with his legal materials and failed to mail a letter containing his response to a court order to an attorney. He asks the court to direct an attorney to contact the petitioner so the petitioner can retain the attorney with his own funds.

Habeas corpus relief is available to review the constitutionality of the petitioner's conviction and confinement. It is not available to review questions unrelated to the cause of the petitioner's detention.  See Garey v. Sherrod, No. 11-914, 2011 WL 6780793, at *1 (W.D. La. Dec. 5, 2011) (denying petitioner's request for return of legal documents) (citing cases holding that injunctive relief unrelated to the cause of detention is not available in a habeas corpus action); see also Hathaway v. Federal Bureau of Prisons, No. 2:10-CV-182-KS-MTP, 2010 WL 3522048, at *1 (S.D. Miss. Sept. 1, 2010) (habeas action cannot be used to attack conditions of confinement).

In addition, Department of Correction records indicate that the petitioner currently is being housed in Rhode Island.  The Connecticut Commissioner of Correction, the respondent in this action, has no authority to control the actions of correctional staff in a different state.  In addition, the court cannot advocate for the petitioner and facilitate his retention of

counsel.  Although the petitioner states that correctional staff will not place a legal call for him, he has attached documentation indicating that he failed to comply with the proper procedures to place that call.  Thus, the court concludes that the plaintiff may have access to his attorneys by following proper procedures.  The plaintiff's motions are denied.

III. Conclusion

The plaintiff's motions [**Docs. ## 7, 11**] are **DENIED**.

The respondent is **ORDERED** to file a response to the petition on or before **October 10, 2013** as to why the relief prayed for in the petition for writ of habeas corpus should not be granted.

The Clerk is **ORDERED** to serve this petition by delivering a copy of this order and a copy of the petition and all attachments to respondent's representative, Jo Anne Sulik, Supervisory Assistant State's Attorney, Office of the Chief State's Attorney, on or before **September 12, 2013.**

**SO ORDERED** this 5th day of September 2013, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge